UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITLOCK AIR SERVICE, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH PA,<br><br>      Defendant. | Case No. 25-cv-00230 (JSR)<br><br>**PROTECTIVE ORDER** |

JED S. RAKOFF, U.S.D.J.

  The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

  ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

  1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  2. Any person who receives Confidential Discovery Material that is produced or disclosed by another party or by a non-party may use such Confidential Discovery Material only for prosecuting, defending or attempting to settle this litigation, and shall not use any

Confidential Discovery Material for any business, commercial or competitive purpose.

    3.    The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b)    previously nondisclosed material relating to ownership or control of any non-public company;

    (c)    previously nondisclosed business plans, product development information, marketing plans, or confidential, proprietary, or trade secret information, including sensitive commercial or proprietary information and information protected from disclosure by law, or court order;

    (d)    any information of a personal or intimate nature regarding any individual; or

    (e)    any other category of information hereinafter given confidential status by the Court.

    4.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential

information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel, including in-house counsel, retained or assigned specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed

as an Exhibit hereto;

(f) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary to aid counsel in the prosecution and defense of this litigation, unless the parties agree that a particular document or material produced is for attorney's eyes only and is so designated;

(g) reinsurers, accountants, regulators and auditors of any party;

(h) outside vendors or service providers (such as copy or imaging providers, document-management consultants, graphic production services, or other litigation support services) that counsel hires and assigns to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(i) mediators, arbitrators, or similar outside parties and their staff enlisted by the parties to assist in the resolution of this matter;

(j) stenographers engaged to transcribe depositions conducted in this action; and

(k) the Court, including any appellate court, and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d),6(e) or 6(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.  A party does not waive its right to challenge a confidentiality designation by electing not to challenge the designation promptly after the original designation is disclosed.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed

Information.

17. If the non-producing person is served with a subpoena or a court order issued in other litigation that compels disclosure of Confidential Discovery Material or items designated in this action as "confidential," that person must:

    (a) Promptly notify the producing person in writing and include a copy of the subpoena or court order;

    (b) Promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this Order; and

    (c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating person whose Confidential Discovery Material may be affected.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| /s/ Joseph L. Pellis II | /s/ Paul R. Dehmel |
|---|---|
| **Joseph L. Pellis II** | **Paul R. Dehmel** |
| Pellis Law Group LLP | Skarzynski Marick & Black LLC |
| 37 North Broadway, Suite 1 | One Battery Park Plaza, 32nd Fl. |
| Nyack, NY 10960 | New York, NY 10004 |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |
| Dated: 3/25/25 | Dated: 3/25/25 |

**SO ORDERED.**

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York

3/26/25

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITLOCK AIR SERVICE, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA,<br><br>                Defendant. | Case No. 25-cv-00230 (JSR)<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non- disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

      Dated: _____                                                   _____